The Honorable John Threet Prosecuting Attorney Fourth Judicial District Washington County Courthouse 280 North College Avenue, Suite 301 Fayetteville, Arkansas 72701
Dear Mr. Threet:
I am writing in response to your request for an opinion on two questions concerning Act 365 of 2007, which, as you note, "provides that certain law enforcement officers may be awarded their pistols upon retirement." Specifically, Act 365 of 2007 will add a new section to the Arkansas Code[1] the pertinent portion of which provides as follows:
(a) When a law enforcement officer employed by a city of the first class, city of the second class, or incorporated town retires from service or dies while still employed with the city of the first class, city of the second class, or incorporated town, in recognition of and appreciation for the service of the retiring or deceased law enforcement officer, the mayor, city manager, or city administrator of the city of the first class, city of the second class, or incorporated town may award the pistol carried by the law enforcement officer at the time of his or her death or retirement from service to:
(1) The law enforcement officer; or
(2) The law enforcement officer's spouse if the spouse is eligible under applicable state and federal laws to possess a firearm.[2]
Id., adding section A.C.A. § 14-52-112.
You first inquire as to the constitutionality of this provision. You also note that "[t]he Act did not include the Sheriff and Sheriff's Deputies" and ask whether "the Quorum Court [can] pass an Ordinance that would allow the Sheriff and his Deputies to be awarded their pistols upon retirement."
RESPONSE
In my opinion this provision of Act 365 would in all likelihood be upheld if challenged on constitutional grounds. In response to your second question regarding a quorum court's authority to pass a similar ordinance for a sheriff and a sheriff's deputies, in my opinion a quorum court likely lacks the authority to pass such an ordinance absent express statutory authority similar to Act 365.
Question 1 — Act 365 of 2007 provides that certain law enforcement officers may be awarded their pistols upon retirement. Is this constitutional?
You have not indicated any particular constitutional provision that might be transgressed by this portion of Act 365. The Arkansas Supreme Court will presume that legislation is constitutional and that it is rationally related to achieving a legitimate governmental objective. See Wilson v. Weiss, (Arkansas Supreme Court, No. 07-204, June 7, 2007); citing Arkansas Health Services Commission v. Regional Care Facilities, Inc., 351 Ark. 331, 93 S.W.3d 672 (2002). Before an act will be deemed unconstitutional, the incompatibility between it and the constitution must be clear. Id., citing Whorton v. Dixon, 363 Ark. 330,214 S.W.3d 225 (2005). Any doubt regarding the constitutionality of a statute must be resolved in favor of its constitutionality. Id.
Although you have not referred to any particularly implicated constitutional provisions, I assume your question may have reference either to Arkansas Constitution art. 12, § 5, or to a constitutional common law doctrine known as the "public purpose doctrine."
The first provision (art. 12, § 5), states as follows:
§ 5. Political subdivisions not to become stockholders in or lend credit
No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
(Emphasis added).
This provision, in relevant part, prohibits only the appropriation of "money" to the listed private entities and individuals, and does not refer to the transfer of public "property" to individuals or employees. Some question therefore exists as to its application to the pistols awarded under Act 365. It has been stated in a similar context, however, that any distinction between money and property "may not be sound." Cf., e.g., Blytheville v. Parks, 221 Ark. 734, 739, 255 S.W.2d 962
(1953).[3] See also, Ops. Att'y Gen. 2004-055 (opining that art. 12, § 5 prevents the deeding of property to a nonprofit corporation) and 2001-083 (opining that art. 12, § 5 prohibits the loaning of city passenger vans to nonprofit groups).
Even if art. 12, § 5 is broad enough to prohibit appropriations of municipal or county "property" in addition to "money," in my opinion the award of pistols to certain law enforcement officers as authorized byAct 365 of 2007 likely does not violate this constitutional provision. In my opinion, this provision of the Arkansas Constitution was not intended to prohibit legislatively-authorized benefits, awards or compensation to public employees in connection with their employment or retirement where the action in question serves public purposes.
The issue presented in this regard under article 12, § 5 requires the same analysis as the second possibly implicated legal concept I mentioned above — the "public purpose doctrine". It has been stated that "The so-called "public purpose doctrine" is a constitutional common law doctrine restricting public expenditures to primarily public purposes with any benefit to a private individual or entity being merely incidental." Op. Att'y. Gen. 2004-311. The concept was described in Chandler v. Board of Trustees, 236 Ark. 256, 365 S.W.2d 447 (1963) as follows:
No principle of constitutional law is more fundamental or more firmly established than the rule that the State cannot, within the limits of due process, appropriate public funds to a private purpose. A century ago the basic doctrine was simply stated in the leading case of Brodhead v. City of Milwaukee, 19 Wis. 624: "The legislature cannot create a public debt, or levy a tax, or authorize a municipal corporation to do so, in order to raise funds for a mere private purpose. It cannot in the form of a tax take the money of the citizens and give it to an individual, the public interest or welfare being in no way connected with the transaction. The objects for which money is raised by taxation must be public, and such as subserve the common interest and well being of the community required to contribute."
Chandler, 236 Ark. at 258 quoting Brodhead v. City of Milwaukee,19 Wis. 624. See also generally, Rubin, Constitutional Aid Limitation Provisions and the Public Purpose Doctrine, 12 St. Louis U. Pub.L. Rev. 143 (1993).
As stated in Op. Att'y Gen. 2005-102:
Under the common law constitutional "public purpose doctrine," public funds may not be expended for a private purpose but must rather be expended for a primarily public purpose or to directly benefit those who were taxed to pay for the expenditure. See Op. Att'y Gen. 2004-319
(citing Chandler v. Board of Trustees, 236 Ark. 256, 365 S.W.2d 447
(1963)). An incidental private benefit, however, will not automatically invalidate an expenditure of public funds. See, e.g. Op. Att'y Gen.2004-319.
Id. at 1-2.
Case law interpreting the public purpose doctrine in connection with awards or gifts to public employees is sparse. In previous Attorney General opinions, however, my predecessors have had occasion to address the constitutionality of a variety of expenditures and awards under the public purpose doctrine. My predecessors note that each case turns upon its own particular facts, but make some general conclusions about the constitutionality of various expenditures. See e.g., Op. Att'y Gen.1991-410 and 411 (city, county or school district expenditures for birthday or Christmas parties for employees, traveling expenses of public officials' spouses, and flowers, gifts and cards for certain persons likely violate the public purpose doctrine); Op. Att'y Gen.1994-317 (employee Christmas dinner, employee picnic, employee Christmas gifts, flowers for employees and others, and donation to nonprofit organizations are likely prohibited). See also, however, Op. Att'y Gen.2004-311 (expenditure for framed proclamation and flowers sent by city to commemorate the death of a local soldier killed in Iraq more nearly serves a municipal purpose than the expenditures addressed in Op. Att'y Gen. 91-410 above); Op. Att'y Gen. 1994-397 (expenditures for fruit and candy to be passed out to children at a public "Santa on the Square" event was likely constitutional); and Op. Att'y Gen. 94-298 (cash awards to county employees for "outstanding service" may not violate constitutional prohibitions "as long as the primary purpose of the award is to foster morale and encourage outstanding job performance"). See also Op. Att'y Gen. 94-317 (as to municipal "token cash disbursements to long faithful employees").
As one of my predecessors stated:
In sum, therefore, the ultimate issue is one of fact. Certain expenditures made to "foster morale and encourage good job performance" may be acceptable. Mention is made in Opinion 1991-410 and 94-298 of "plaques" and "certificates of appreciation" as being acceptable expenditures, and an "outstanding service award" such as the one at issue in Opinion 1994-298, depending upon the facts, may be acceptable. At some point, however, expenditures may begin to fall toward the other end of the spectrum as impermissibly inuring to the benefit of private individuals.
Id. at 2-3.
I have found no analogous cases in Arkansas or elsewhere addressing the constitutionality of awarding law enforcement service weapons to retiring officers. Cf. however, Alabama Op. Att'y Gen. 2002-218 and 192 Ala. Op. 22 (1983) (upholding the inclusion of police officers pistol and badge as a part of his or her retirement benefits). As one of my predecessors noted in Op. Att'y Gen. 1991-410, however:
The determination of whether a particular expenditure is for a `public purpose' is to be made by the legislature. Although ultimately the propriety of a particular expenditure is resolved by the judiciary, great weight must be given legislative declarations of public purposes. Turner v. Woodruff, 286 Ark. 66, 698 S.W.2d 527 (1985).
With regard to Act 365 of 2007, the Arkansas General Assembly has evidently determined that awarding retiring city law enforcement officers' their service pistols furthers a public purpose. Such determination will therefore be given great weight by a reviewing court. I must conclude, in light of the legislature's evident determination in this regard, and in light of the strong presumption of constitutionality attending legislative acts, that Act 365 would be upheld as against a constitutional challenge.
Question 2 — The Act did not include the Sheriff and Sheriff's Deputies. Can the Quorum Court pass an Ordinance that would allow the Sheriff and his Deputies to be awarded their pistols upon retirement?
Under Arkansas Constitution, Amendment 55, § 1(a) a "county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law." I have concluded above that the Arkansas Constitution likely does not prevent the General Assembly from authorizing the award of service pistols to retiring city law enforcement officers. Your second question inquires whether a local quorum court could achieve the same result for county law enforcement officers by virtue of a local ordinance. Although in my opinion there is nothing in the Arkansas Constitution prohibiting the award of such pistols to retiring county law enforcement officers, I believe current statutes deny a quorum court the authority to accomplish this result through a local ordinance.
As an initial matter, § 14-14-805(2) (Repl. 1998) provides that: "Each county quorum court . . . exercising local legislative authority is prohibited the exercise of the following: . . . any legislative act that applies to or affects the provisions of . . . retirement. . . ."
In addition, A.C.A. § 14-14-1312 provides as follows:
No officer of any county, county quorum court district, or township shall receive from county funds, directly or indirectly, for salary, wages, and perquisites more than the amount appropriated by the respective quorum court for each respective office per annum in par funds and paid to the officer by instrument drawn by the county judge on the treasury.[4]
In my opinion, taken together, the provisions set out above indicate that a local quorum court does not have statutory authority to adopt an ordinance authorizing an award of service pistols to retiring sheriffs and deputies. In my opinion, statutory authorization of the sort evidenced by Act 365 of 2007 would be necessary to effectuate this result.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Act 365 did not contain an emergency clause, and will not be effective until July 31, 2007. See Op. Att'y. Gen. 2007-164. In addition, your question appears directed at subsection (a) of the Act, regarding the awarding of service pistols upon retirement, and not to subsection (b) of the Act, which authorizes certain retiring law enforcement officers to purchase their service shotguns at fair market value.
[2] This statute appears to largely track a similar provision applying to State Police officers. See A.C.A. § 12-8-214 (Repl. 2003), originally adopted in 1981.
[3] The Arkansas Supreme Court, in interpreting an analogous, but now superseded portion of Arkansas Constitution Amendment 13, stated that: "In the beginning we are impressed with the fact that the prohibition is against using funds for a different purpose. Here the funds will be spent for the land, and the land will be diverted — not the funds. However, the distinction may not be sound, so we will consider land and funds as the same in this instance."
[4] This provision is contained in a subchapter addressing county elected officers. As a consequence, it may have applicability only to the elected sheriff and not to his or her appointed deputies. See, e.g., Op. Att'y Gen. 95-358 (concluding that this statute does not apply to a deputy circuit clerk).